UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6131-CR-ROETTGER

UNITED STATES OF AMERICA )
)
)
)
v. )
)
)
)
JOHN CHARLES KNOWLES, )
)
Defendant. )
_____)

**NIGHT BOX FILED**

JUL - 7 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / F.T.L

### GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  The government is unaware of any written or recorded statements made by the defendant(s).

   2.  That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent will be provided at the Discovery Conference. The following is the substance of an oral statement made by the



defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent which the government intends to use at trial:  On April 11, 2000, agents obtained a state search warrant to search apartment #2 at 433 NW 12th Avenue, Fort Lauderdale.  On April 13, 2000, they executed the search warrant on the residence.  They knocked and announced but obtained no response from inside the apartment.  They breached the front door, and observed Defendant KNOWLES reaching into his shorts pocket and pulling out two prescription pill containers which he dropped on the floor.  One of the detectives retrieved the containers and founds 48 rocks of crack cocaine in one vial, and 22 in the other for a total of 5.6 grams.  The rocks tested positive for the presence of cocaine.  After being read his Miranda warnings, Defendant confessed stating that he had been selling crack cocaine out of the apartment window.  He said he was going to sell the crack that was in his pants pocket, and the $206 in cash found in his pants was from narcotics sales.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available at the Discovery Conference.  Some of Defendant's prior convictions are attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, suite 700, Fort Lauderdale, FL 33394.
The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A laboratory analysis report regarding the crack cocaine seized in connection with this case is attached.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

3

K.  The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference scheduled above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time: 8:15 p.m
Date: April 13, 2000
Place: 433 NW 12th Avenue, #2
Fort Lauderdale, Fl

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
LAURENCE M. BARDFELD
Assistant United States Attorney
Florida Bar No. 712450
500 East Broward Boulevard, #700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3510
Fax: (954) 356-7336

cc: Special Agent Bob Felicioni, DEA

5

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand-delivered this 10th day of July, 2000, to: Robert Berube, Assistant Federal Public Defender, 101 NE 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

*Laurence M. Bardfeld*
Laurence M. Bardfeld
Assistant United States Attorney

6